Circuit Court, District of Columbia. Nov. Term, 1838.

BAIL IN CIVIL CASE—UNCERTAIN DAMAGES.

In actions on the case for uncertain damages, the court will mitigate the bail, according to circumstances.

Case [by Caroline H. Sanderson against John H. Serat] for breach of promise of marriage; damages laid at $10,000. The plaintiff made affidavit that she had sustained damages to that amount.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

THE COURT, after examining into the circumstances of the defendant, required the bail to justify only to the amount of $1,000.

---

SANDERSON (UNITED STATES ANNUNCIATOR, ETC., CO. v.). See Case No. 16,-790.

SANDERSON, The JOHN. See Case No. 7,-364.

SANDFORD, The MARY. See Case No. 9,-225.

SANDFORD (UNITED STATES v.). See Case No. 16,221.

---

## Case No. 12,301.

### In re SANDS.

[7 Ben. 19.] [1]

District Court, E. D. New York. Sept., 1873.

BANKRUPTCY—BOND OF ASSIGNEE—REMOVAL AND NEW APPOINTMENT.

Where the register required an assignee to file a bond, but specified no time within which it must be filed, and, no bond having been filed for thirteen days, appointed a new assignee: *Held*, that the assignee was not in default for not filing such bond, and he must be removed before another assignee could be appointed.

[In the matter of George E. Sands, a bankrupt.]

The register certified to the court, upon request, under section 6 of the bankruptcy act [of 1867 (14 Stat. 517)] (see Rev. St. U. S. § 5010), that Charles Savary was chosen assignee at the first meeting of creditors in this case, of whose fitness he had doubts; that, after personal inquiry, he required a satisfactory bond before he would approve the appointment; that no bond was filed for thirteen days after the meeting, and the register thereupon appointed another assignee, following the course laid down in the Case of Haas [Case No. 5,884]; and that, three days after this appointment of another assignee, the assignee chosen at the meeting, Mr. Savary, sent in a bond which would not have been satisfactory to the register, even if sent in before the second appointment.

BLATCHFORD, District Judge. Under the provisions of section 13 of the act, Mr. Savary was not in default until the expiration of a time required to be specified in an order to be made requiring the giving of the bond; and, after such default, Mr. Savary's removal from office was necessary before another assignee could be appointed in his place. It is not stated that any such provision was contained in any order, or that Mr. Savary was removed from office. There must, therefore, be other and further proceedings in the case.

---

[1] [Reported by Robert D. Benedict, Esq., and B. Lincoln Benedict, Esq., and here reprinted by permission.]